IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVIE LEE JOHNSON                                                                    PLAINTIFF

           v.                      Civil No. 05-5145

BENTON COUNTY DETENTION
CENTER; OFFICER TOMLIN;
OFFICER PAUL; OFFICER PIERCY;
BENTON COUNTY SHERIFF; and
OFFICER LINSEYBEE                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Davie Lee Johnson filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 22, 2005. His complaint was filed in forma pauperis (IFP).

When he filed the lawsuit, he was incarcerated at the Benton County Detention Center. On August 29, 2005, mail sent to the plaintiff at the Benton County Detention Center was returned to the court as undeliverable. This mail included the file marked copy of the complaint and in IFP application as well as the court's order granting plaintiff leave to proceed IFP.

The court verified that plaintiff had been released from the Benton County Detention Center. Plaintiff provided an address upon being booked in. The court on August 30, 2005, entered a change of address on the plaintiff's behalf (Doc. 6) utilizing this address. The court directed the clerk to re-mail to the plaintiff all mail that had been returned as undeliverable.

On September 6, 2005, all mail sent by the court to the new address was returned as undeliverable. Plaintiff has not communicated with the court and no other address for the plaintiff appears in the file.

I therefore recommend Johnson's claims be dismissed on the grounds he has failed to prosecute this action and obey the rules of the court requiring him to keep the court informed of his address.  *See* Fed. R. Civ. P. 41(b).  **Johnson has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Johnson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of September 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE